


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY SCOTT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMM. PLEAS CT. OF PHILA. CNTY. | : | NO. 16-6327 |
| MICHAEL CLARK | : | |

FILED
DEC 27 2016
LUCY V. CHIN, Interim Clerk
By _____ Dep. Clerk

MEMORANDUM

GARDNER, J.                                                            DECEMBER 23, 2016

     Plaintiff Anthony Scott, a prisoner at the State Correctional Institution at Albion, brings this civil action pursuant to 42 U.S.C. § 1983, against the Philadelphia Court of Common Pleas and Michael Clark, the Superintendent of SCI-Albion. Plaintiff seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

I.     FACTS

     The Court understands plaintiff to be alleging that he is currently incarcerated in connection with a sentence that was illegally imposed by the Philadelphia Court of Common Pleas. Specifically, he appears to be alleging that the Court of Common Pleas sentenced him without jurisdiction and that Superintendent Clark is therefore confining him illegally. A review of public dockets reflects that plaintiff was convicted of rape and related offenses in the Philadelphia Court of Common Pleas and sentenced to seven to fourteen years in prison. *See Commonwealth v. Scott*, Docket No. CP-51-CR-0702311-2006 (Phila. Ct. Common Pleas). Plaintiff also has a petition for a writ of *habeas corpus* pending in this district. *See Scott v. Clark*, E.D. Pa. Civ. A. No. 16-2506. In the instant civil action, plaintiff seeks release from imprisonment and monetary damages for false imprisonment.

1

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, if plaintiff seeks release from custody, he must pursue his claims in his *habeas* case rather than a civil rights action.

Furthermore, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

---

[1] However, as plaintiff is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

2

determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). As plaintiff's convictions and sentence have not been reversed, expunged, or otherwise invalidated, his damages claims are currently not cognizable under § 1983.

Plaintiff's claims fail for other reasons. The Philadelphia Court of Common Pleas is entitled to Eleventh Amendment immunity and is not a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). Furthermore, the complaint fails to allege how Superintendent Clark is personally responsible for the violation of plaintiff's constitutional rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds, Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.